Mr. Justice FIELD
delivered-the opinion of the court.
The object of fl^is suit is twofold—
1st. To enjoin the enforcement of certain judgments rendered against the complainant by the mayor of Sc. Louis for the amount of alleged benefit to his property from the opening of Wash Street, in that city.
2d. To obtain compensation for the property of the complainant appropriated by the city for the use of the street.
The bill details the steps taken by the city and the mayor, at the instance and as the servant of the city, for the opening of the street, the finding of the jurors summoned before that officer, and the estimates made by them of the value of the property appropriated, and of the benefits which would *418 flow from the improvement, both to the public and to the owners of adjoining property, and sets forth various grounds of alleged illegality in the proceedings.
Of these grounds the principal are, that the proceedings •were taken without notice to the complainant, or any appearance by him; that the notice provided by law was not published as required; that no provision was made for compensation for the property taken ; that no power to render the judgments was vested in the mayor by any act of the legislature-, or could be invested in him by the city authorities under any clause of the city.charter; and that the statutes under which the proceedings purported to have been taken were repealed before the proceedings were completed. These grounds are by the demurrer admitted to be-time, and being true no reason exists upon which- to justify the interposition* of a court of equity.
If the statutes and, ordinances under which the mayor undertook to act did not invest him with any authority to render the judgments against the complainant, the judgments were void, and could not cast a cloud upon his title, or impair any remedies at law provided for the protection of his property, or the redress of trespasses to it.
On the other hand, if the statutes and ordinances invested the mayor with authority, when new streets in the city were to be opened, to render judgments for the amount of benefits assessed against the owners of adjoining property, and in this- instance he failed to follow their provisions, or exceeded the jurisdiction they conferred, the remedy of the complainant was by certiorari at law, and not by bill in equity.
With the proceedings and determinations of inferior-boards or tribunals of special jurisdiction, courts of equity will not interfere, unless it should become necessary to prevent a multiplicity of suits or irreparable injury, or unless the proceeding sought to be annulled or corrected is valid upon its face,- and the alleged invalidity consists in matters to be established by extrinsic evidence. In other cases the review and correction-of the proceedings must be obtained by the writ of certiorari. - This is the general and well-established *419 doctrine. Examples in which this is asserted are found in The Mayor, &c., of Brooklyn v. Meserole,* and in Heywood v. The City of Buffalo,† and in the cases there cited.‡
The complainant can ask no greater relief in the courts of the United States than he could obtain were he to resort to the. State courts. If in the latter courts equity would afford no relief, neither will it in the former.
The second object of the bill — the obtaining of compensation for the property actually appropriated by the city — falls with the first. If the proceedings for its appropriation were void, the title remains in the complainant, and he can resort to .the ordinary remedies afforded by the law for the recovery of the possession of real property wrongfully withheld.
Decree affirmed.

 26 Wendell, 132.

 4 Kernan, 534.

 See also Scott v. Onderdonk, Id. 9.